# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**TAMEKIA WHITE**                                                     **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO.:** 3:22-cv-456-KHJ-MTP

**WALMART, INC., WAL-MART STORES EAST,
L.P., WAL-MART ASSOCIATES, INC.,
WAL-MART STORES, INC.,
JONATHAN CARROLL,
LUKE ROBINSON,
JOHN DOE PERSON(S) 1-5,
JOHN DOE COMPANY(IES) 1-5, and
JOHN DOE ENTITY(IES) 1-5**                       **DEFENDANTS**

## NOTICE OF REMOVAL

**TO:**    Brent Hazzard
        Emily Bradley
        SCHWARTZ & ASSOCIATES, P.A.
        162 E. Amite Street
        Jackson, Mississippi 39201

        **ATTORNEY FOR PLAINTIFF**

        Zach Wallace
        Post Office Box 327
        Jackson, Mississippi 39205

        **HINDS COUNTY CIRCUIT CLERK**

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, WALMART STORES EAST, LP, WAL-MART, INC., WAL-MART ASSOCIATES, INC., WAL-MART STORES, INC.[1], JONATHAN

---

[1] Plaintiff erroneously named and served this Complaint upon Walmart Stores East, LP, Wal-Mart, Inc., Wal-Mart, Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores, Inc.  The correct entity for the purposes of this lawsuit is Walmart Stores East, LP.

CARROLL, and LUKE ROBINSON (hereinafter referred to as "Walmart Defendants") hereby remove the above-styled action, *Tamekia White v. Wal-Mart, Inc., et al;* No. 1:22CV-00331-AHW, from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Northern Division.   Removing Defendants respectfully state unto the Court the following:

1.

In her Complaint, filed in this action, a copy of which is attached as Exhibit "A," Plaintiff Tamekia White seeks to recover damages based on negligence after an alleged fall in a Walmart store located in Jackson, Mississippi.   The Complaint was filed on May 25, 2022.

2.

The Circuit Court of Hinds County, Mississippi, First Judicial District is within the United States District Court for the Southern District of Mississippi, Northern Division, to which this action is removable.

3.

Complete diversity exists between the parties to this action due to the fraudulent joinder of the nondiverse Defendants, Jonathan Carroll and Luke Robinson [2].   As the Complaint states, the Plaintiff is an adult resident citizen of Mississippi.   *See,* Exhibit "A," at p. 1.   Walmart Defendants advise this Court that the correct corporate entity for the purposes of this lawsuit is Walmart Stores East, LP.   Walmart Stores East, LP, is a limited partnership registered in Delaware, and consists of a general partner named WSE Management, LLC.   *See*, Exhibit "B."   WSE Management, LLC, is a limited liability company registered in Delaware with its principal

---

[2] As of the filing date of this Notice, Luke Robinson has not been served with the lawsuit.

place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716. *See,* Exhibit "C." In other words, WSE Management, LLC's citizenship for the purpose of diversity jurisdiction is Delaware, where it is incorporated, and Arkansas, where its principal place of business is located. Further, an LLC's citizenship is that of its members. WSE Management, LLC's sole member is Walmart Stores East, Inc. *See*, Exhibit "C." Walmart Stores East, Inc. is incorporated in Delaware with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716. *See*, Exhibit "D." Further, no publicly traded entity owns more than 10% of the company. Based upon the foregoing, Walmart Stores East, LP's citizenship for the purpose of diversity jurisdiction is Delaware and Arkansas. Likewise, Wal-Mart, Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores Inc. are all under the umbrella of Walmart Stores East, LP with citizenship in the State of Delaware the State of Arkansas. These defendants are completely diverse from the Plaintiff in this matter.

4.

Plaintiff has also named Jonathan Carroll (hereinafter "Carroll"), the former manager of Walmart's Jackson, Mississippi store where the incident in Plaintiff's Complaint is alleged to hac occurred. While Walmart Defendants admit that he is a resident of Mississippi as alleged in the Plaintiff's Complaint, Walmart Defendants state he has been fraudulently joined to defeat diversity citizenship in this matter. Furthermore, Plaintiff amended her Complaint on June 15, 2022 to add Luke Robinson (hereinafter "Robinson") as another manager defendant in this matter, who is also a Mississippi resident and fraudulently joined. *See,* Plaintiff's Amended Complaint, attached hereto as Exhibit "E." Luke Robinson has not been served. See, State Court Docket, attached hereto as Exhibit "F."

In order to establish that a defendant is fraudulently joined, the moving party must show

either "(1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (internal citations omitted).   Walmart Defendants state, upon information and belief, both Carroll and Robinson are residents of Mississippi.   It is the position of Walmart Defendants that the Plaintiff cannot establish a cause of action against either Carroll or Robinson. Given that position, Walmart Defendants must show "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."   *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir. 2004).

5.

The general rule in Mississippi is that an employee incurs no liability for a principal's breach of duty and, therefore, no cause of action can be had against an employee where he is acting within the line and scope of his employment. *Hart v. Bayer Corp., et. al,* 199 F. 3d 239, 247 (5th Cir. 2000) (internal citations omitted). An agent/employee "is subject to personal liability [only] when he 'directly participates in or authorizes the commission of a tort." *Hart*, 199 F. 3d at 247 (5th Cir. 2000) (quoting *Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc.,* 492 So. 2d 977, 978 (Miss. 1986)). The individual cannot be held liable merely premised on his connection with the company, but, rather, must have committed some "individual wrongdoing" outside the scope of his employment. *Turner v. Wilson,* 620 So. 2d 545, 548 (Miss. 1993). Therefore, "[t]he thrust of the general rule is that for the [employee] to be held personally liable he must have some direct, personal participation in the tort, as where the defendant was the 'guiding spirit' behind the wrongful conduct... or the 'central figure' in the challenged corporate activity." *Hart*, 199 F. 3d at 247 (5th Cir., 2000) (quoting *Mozingo v. Correct Mfg. Corp.,* 752 F. 2d 168, 173 (5th Cir. 1985)).

Individual liability arises only when an employee owes an independent duty of reasonable care to the injured party apart from the employer's duty. See, e.g., *Palmer v. Wal-Mart Stores, Inc.,* 65 F. Supp. 2d 564 (S.D. Tex. 1999).

Plaintiff alleges that all "Defendants' failure to properly inspect the floor, clean the wet floor or properly post warning signs regarding the wet condition with an employee in the area was a negligent act that created a dangerous hazard that caused Plaintiff's injuries. Plaintiff also alleges that Defendants knew or should have known of the dangerous conditions created by the wet floor, and Defendants failed to take remedial action to correct the dangerous conditions or warn Plaintiff of the dangerous conditions." *See,* Exhibit "E" at ¶ 21. Plaintiff then makes nearly identical claims against Carroll and Robinson. Plaintiff claims the managers failed to warn of the "wet substance," failed to clean the floor, failed to train employees, knew or should have known of the dangerous condition, and failed to take remedial measures to clean the floor. *See,* Exhibit "E" at ¶ 25.

The United States District Court for the Southern District of Mississippi, Hattiesburg Division, faced a nearly identical fact pattern and found that the Walmart store manager was fraudulently joined and should be dismissed from the action. The Court, using a 12(b)(6) analysis held:

> The Rule 12(b)(6) type analysis requires the court to determine whether the plaintiff has " 'pleaded enough facts to state a claim to relief that is plausible on its face.' " *Crawford,* 2009 U.S. Dist. LEXIS 101598 at *10, 2009 WL 3573658 (quoting *In re Katrina Canal Breach Litigation,* 495 F.3d 191 (5th Cir.2007) (quoting *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), *cert. denied,* 552 U.S. 1182 (2008)). A complaint will not survive this analysis if it " 'tenders naked assertions devoid of further factual enhancement.' " *Id.* quoting *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). " 'Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined.' " *Id.* (quoting *Randle v. SmithKline Beecham Corp.,*

> 338 F.Supp.2d 704, 708 (S.D.Miss.2004)). Thus, to survive a Rule 12(b)(6)-type inquiry a plaintiff must plead " 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Id.* (citing *Iqbal,* 129 S.Ct. at 1949).
>
> In this case the Complaint contains, at best, only conclusory allegations against Funk. The Complaint alleges that Wal–Mart and Funk were negligent in failing to properly inspect the floor in order to insure that it was clear of all substances, or objects or conditions which might pose a hazard to the customers; failing to take proper precautions to prevent the general public, customers and the plaintiff from walking on the floor while it was unsafe to do so; failing to warn the general public, customers and plaintiff of the liquid substance.
>
> The Complaint, however, does not contain any specific allegations against Funk nor does the Complaint contain any factual support for any allegation that Funk was in any way personally responsible for the subject incident. In fact, Plaintiff's allegations against Funk are premised on nothing more than the fact that Funk is the store manager of the subject Wal–Mart. Thus, the conclusory allegations against Funk are insufficient to survive a Rule 12(b)(6) analysis and, as such, Funk has been fraudulently joined and should be dismissed. *See Griffin v. Dolgen Corp.,* 143 F.Supp.2d 670 (S.D.Miss.2001) (holding that store manager may only potentially be liable in premises liability action where some negligent act of the manager contributed to the subject incident).

*McConnell v. Funk*, No. 2:10-CV-97KS-MTP, 2010 WL 4736257, at *3 (S.D. Miss. Nov. 16, 2010).  Similarly, the allegations against Carroll and Robinson provide no factual support that the managers were personally liable for the Plaintiff's alleged slip-and-fall or her alleged injuries.  Here, as in *McConnell,* Plaintiff merely claims that Carroll and Robinson failed to properly inspect the premises, failed to warn, and/or failed to properly train employees.  *See,* Exhibit "E."  There are no allegations that Carroll and Robinson personally contributed to the presence of the substance alleged to have caused Plaintiff's fall.  There are no allegations that Carroll and Robinson personally knew the substance was on the floor and failed to take remedial measures.  Finally, there are no allegations that Carroll and Robinson failed to personally inspect and/or should have known that the substance was on the floor and failed to take actions to remedy the alleged dangerous condition.  Without more specific allegations in the Complaint that Carroll and

Robinson personally participated in a negligent act that contributed to Plaintiff's injuries, the claims against them must fail. *See Griffin v. Dolgen Corp.,* 143 F.Supp.2d 670 (S.D. Miss. 2001). Clearly, Carroll and Robinson are fraudulently joined in this matter and must not be considered for the purposes of diversity citizenship.

6.

Initially, the amount in controversy was unclear; therefore, removal was not pursued. During discovery, Walmart Defendants learned that the Plaintiff seeks damages in excess of $75,000.00. *See,* Plaintiff's Responses to Wal-Mart's Requests for Admissions, attached hereto as Exhibit "G." The responses were served to this Defendant by electronic mail on July 11, 2022. This Notice of Removal is timely because it is being filed within thirty (30) days after it was discovered, through this "other paper," that the jurisdictional minimum was met and the case was removable to this Court pursuant to 28 U.S.C. §1446(b)(3). Moreover, this Notice of Removal is filed within one year of the filing of a complaint in this action.

7.

Based upon Plaintiff's Responses to Requests for Admissions, the amount in controversy exclusive of interest and costs in this action exceeds the jurisdictional requirement of $75,000. *See,* 28 U.S.C. §1332. *See,* Exhibit "G", Plaintiff's Response No. 5.

8.

By filing this Notice of Removal, Walmart Defendants do not waive any defenses and expressly reserve all available defenses.

9.

Pursuant to 28 U.S.C. §1446(d), a copy of this notice of removal is being filed forthwith with the Circuit Court of Hinds County, Mississippi, First Judicial District and is being provided

to counsel for Plaintiff.

10.

Pursuant to the Uniform Local Rules, Rule 5(b), a complete copy of the entire state court record will be filed not later than fourteen (14) days after the date of this removal.

WHEREFORE, this matter, filed in the Circuit Court of Hinds County, Mississippi, First Judicial District, is hereby removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

RESPECTFULLY SUBMITTED, this the 9th day of August, 2022.

/s Malissa Wilson
JENNIFER M. STUDEBAKER (MSB #10433)
SIMINE BAZYARI REED (MSB #101259)
VERNON M. MCFARLAND (MSB #103665)
MALISSA WILSON (MSB #100751)

ATTORNEYS FOR WALMART STORES EAST, LP, WAL-MART, INC., WAL-MART ASSOCIATES, INC., WAL-MART STORES, INC., AND JONATHAN CARROLL

OF COUNSEL:

**FORMAN WATKINS & KRUTZ LLP**
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8613

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, on behalf of WALMART STORES EAST, LP, WAL-MART, INC., WAL-MART ASSOCIATES, INC., WAL-MART STORES, INC., AND JONATHAN CARROLL do hereby certify that I have served by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to Plaintiff's Counsel of Record at their usual business address:

Brent Hazzard
Emily Bradley
SCHWARTZ & ASSOCIATES, P.A.
162 E. Amite Street
Jackson, Mississippi 39201

**ATTORNEY FOR PLAINTIFF**

This the 9th day of August, 2022.

                                                 */s Malissa Wilson*
                                                 MALISSA WILSON (MSB #100751)