IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

TAMEKIA WHITE                                                          PLAINTIFF

VS.                                      CIVIL ACTION NO. 22-331

WALMART, INC., WAL-MART STORES EAST,
L.P., WAL-MART ASSOCIATES, INC.,
WAL-MART STORES, INC.,
JONATHAN CARROLL,
JOHN DOE PERSON(S) 1-5,
JOHN DOE COMPANY(IES) 1-5, and JOHN
DOE ENTITY(IES) 1-5                                                  DEFENDANTS

## COMPLAINT
### (Jury Trial Requested)

Plaintiff Tamekia White, by and through counsel, files her Complaint against Defendants

Wal-Mart, Inc., Wal-Mart Stores East, L.P., Wal-Mart Associates, Inc.,  Wal-Mart Stores, Inc.,

(Wal-Mart"), John Doe Person(s) 1-5, John Doe Company(ies) 1-5, and John Doe Entity(ies) 1-

5, and in support hereof shows as follows:

### I.    Parties

1)    Plaintiff Tamekia White is an adult resident citizen of Jackson, Hinds County,

Mississippi.

2)    Defendant WalMart, Inc. is a foreign corporation organized under the laws of

Delaware, with its principal place of business located at 708 SW 8th Street, Bentonville, AR

72716, and may be served with process of this Court on its Registered Agent, C.T. Corporation

System at 645 Lakeland East Drive, Suite 101, Flowood, MS  39232.

3)    Defendant Wal-Mart Stores East, L.P. is a foreign corporation organized under

the laws of Delaware, with its principal place of business located at 708 SW 8th Street,

<div style="border:1px solid black; display:inline-block; padding:4px; text-align:center;">
**EXHIBIT**

**A**
</div>

Bentonville, AR 72716, and may be served with process of this Court on its Registered Agent,

C.T. Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

4)      Defendant Wal-Mart Associates, Inc. is a foreign corporation organized under the

laws of Delaware, with its principal place of business located at 708 SW 8th Street, Bentonville,

AR 72716, and may be served with process of this Court on its Registered Agent, C.T.

Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

5)      Defendant  Wal-Mart Stores, Inc., is a foreign corporation organized under the

laws of Delaware, with its principal place of business located at 708 SW 8th Street, Bentonville,

AR 72716, and may be served with process of this Court on its Registered Agent, C.T.

Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

6)      Defendant WalMart, Inc., Defendant Wal-Mart Stores East, L.P., Defendant Wal-

Mart Associates, Inc., and Defendant Wal-Mart, Stores Inc. will be referred to collectively as

Wal-Mart Defendants.

7)      Defendant Jonathan Carroll is a resident of the State of Mississippi and was the

manager of the Wal-Mart Store located at 2711 Greenway Drive, Jackson, MS, where the

incident occurred.

8)      John Doe Person(s) 1-5 are any unknown persons who may have been responsible

for or contributed to the negligence alleged herein. They may be added as named defendants

when their identities become known.

9)      John Doe Company(ies) 1-5 are any unknown companies who may have been

responsible for or contributed to the negligence alleged herein. They may be added as named

defendants when their identities become known.

10)     John Doe Entity(ies) 1-5 are any unknown entities who may have been responsible for or contributed to the negligence alleged herein. They may be added as named defendants when their identities become known.

## II.     Jurisdiction and Venue

11)     Jurisdiction and venue are proper in this Court, pursuant to Miss. Code Ann. §§ 9-7-81 and 11-11-3, as this matter concerns damages in excess of two hundred dollars ($200.00) and the injury that occurred in Hinds County, Mississippi.

## III.     Facts

12)     On or about December 23, 2019, Plaintiff shopped at the Wal-Mart Supercenter #903, located at 2711 Greenway Drive, Jackson, MS  39204, as a business invitee and acted with reasonable care for her own safety at all relevant times.

13)     As Plaintiff was on her way to pay for her groceries, Plaintiff slipped and fell on something wet in the produce area. While an employee was in this area, no signs were posted in the area warning Plaintiff of the hazard.

14)     At all times relevant hereto, Supercenter #903 was open to Plaintiff and to those members of the public at large who might go there as business invitees.

15)     As owner and operator of Supercenter #903, or through its agents or employees, Defendant Wal-Mart failed to properly maintain the area, creating the dangerous condition of a hazard.

## IV.     Negligence – Premises Liability

16)     All allegations in the preceding paragraphs are incorporated as if fully set forth herein.

17)     Premises liability attaches when: "(1) a negligent act by the defendant caused the plaintiff's injury; or, (2) that defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant." *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 465 (Miss. Ct. App. 2003) (Citing *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995)). When the dangerous condition is created by the defendant or someone under its authority, proof of the defendant's knowledge of the dangerous condition is not required. *K-Mart Corp. v. Hardy*, So. 2d 975, 981 (Miss. 1999).

18)     At all times material hereto, Defendants had a duty of care to keep the premises in a reasonably safe condition, such that business invitees might use them in an ordinary and reasonable way without danger, including, but not limited to:

a.   To use reasonable and ordinary care to keep and maintain the premises in a reasonably safe condition;

b.   To keep the premises free from defects and hazardous conditions that could reasonably and foreseeably cause harm and injury;

c.   To take reasonable and necessary steps to warn of the existence of dangerous and hazardous conditions on the premises;

d.   To take reasonably necessary steps to correct, eliminate, and prevent dangerous conditions existing on its premises; and

e.   To use and exercise reasonable care to protect those who are business invitees on the premises and to correct and remedy discoverable conditions constituting hazards and danger on its premises.

4

19)     Defendants failed to perform and violated or breached the duties they owed to Plaintiff, and such failures, violations, and breaches constituted negligence and/or gross negligence on the part of Defendants, including, but not limited to:

      a.   Failing to use reasonable care to keep and maintain the premises in a reasonably safe condition;

      b.   Failing to keep the premises free from defects and conditions that could reasonably and foreseeably cause injury to Plaintiff and others;

      c.   Failing to warn Plaintiff and others of the existing hazardous and dangerous conditions;

      d.   Failing to take reasonably necessary steps to correct, remedy, and prevent a hazardous condition on its premises which Defendants knew or should have known existed; and

      e.   Failing to exercise reasonable care to protect Plaintiff and to remedy or prevent reasonable discoverable conditions that were hazardous and dangerous to her while on said premises.

20)     Specifically, Defendants' failure to properly inspect the floor, clean the wet floor or properly post warning signs regarding the wet condition with an employee in the area was a negligent act that created a dangerous hazard that caused Plaintiff's injuries. Defendants knew or should have known of the dangerous conditions created by the wet floor, and Defendants failed to take remedial action to correct the dangerous conditions or warn Plaintiff of the dangerous conditions.

21)    As a direct and proximate result of the above acts of negligence, and/or gross negligence, and breaches of legal duties owed to her by Defendants, Plaintiff has suffered compensatory damages, including, but not limited to:

      a.  Hospital bills, doctor bills, prescription drug bills, and other medical and medical-related expenses which have been incurred and which may continue to be incurred in the future;

      b.  Past, present, and future physical pain and suffering;

      c.  Past, present, and future emotional and mental suffering and anguish;

      d.  Temporary and permanent physical impairment or disability; and

      e.  Loss of enjoyment of life.

**V.    Negligence – The Store Manager is the Person in Charge of Premises.**

22)    All allegations in the preceding paragraphs are incorporated as if fully set forth herein.

23)    According to Wal-Mart's website, Defendant Carroll was the store manager at the time of the incident referenced above.[1]  The Mississippi Supreme Court has found that "a person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning [the] invitee of dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable care." *Smith v. PetSmart Inc.,* 278 Fed. Appx. 377, 380 (5th Cir. 2008) citing *Mayfield v. The Hairbender,* 903 So. 2d 733, 735-736 (Miss. 2005)(en banc).[2]

---

[1] See https://corporate.walmart.com/media-library/document/wawona-walmart-bulk-peaches-store-list/_proxyDocument?id=00000174-1bce-dfa7-a774-7bcee86b0000
[2] Removal of this matter is improper, because a court must "resolve all uncertainties [in the relevant state law] in favor" of the non-removing party. *Smith* at 380 citing *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 259 (5th Cir. 1995).

24)     Specifically, Defendant Carroll's (1) failure to have warnings signs posted regarding the wet area, (2) failure to clean the floor properly, (3) failure to properly train Wal-Mart's employees to implement the proper policies and procedures regarding posting warning signs; (4) failure to train Wal-Mart's employees to implement the proper policies and procedures regarding inspecting the floor, and (5) failure to train Wal-Mart's employees to implement the proper policies and procedures regarding cleaning the floor were negligent acts which created a dangerous hazard that caused Plaintiff's injuries. Defendant Carroll knew or should have known of the dangerous conditions created by the wet floor, and Defendant Carroll failed to take remedial action to correct the dangerous conditions or warn Plaintiff of the dangerous conditions.

25)     As a direct and proximate result of the above acts of negligence, and/or gross negligence, and breaches of legal duties owed to her by Defendants, Plaintiff has suffered compensatory damages, including, but not limited to:

      a. Hospital bills, doctor bills, prescription drug bills, and other medical and medical-related expenses which have been incurred and which may continue to be incurred in the future;

      b. Past, present, and future physical pain and suffering;

      c. Past, present, and future emotional and mental suffering and anguish;

      d. Temporary and permanent physical impairment or disability; and

      e. Loss of enjoyment of life.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a trial by jury and prays a judgment of, from, and against Defendants for a sum in an amount within the jurisdictional limits of this Court, all costs and expenses associated with the prosecution of this matter, prejudgment

and post-judgment interest as permitted by law and for any further relief that this Court may deem just and proper.

Respectfully submitted on May 24, 2022.

TAMEKIA WHITE, PLAINTIFF

By: _____

Brent Hazzard, MSB #99721
Emily Bradley, MSB #104523
Schwartz & Associates, P.A.
162 E. Amite Street
Jackson, Mississippi 39201
T: (601) 988-8888
F: (601) 353-0217
ebradley@1call.org
bhazzard@1call.org